UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ABANDONED PROPERTY LLC and<br>RICHARD J. DAWSON, JR.,<br><br>Plaintiffs<br><br>v.<br><br>STACY KELLAMS, NETCENTRIC<br>PUBLISHING LTD., REI SECRETS, LUKE<br>MATTHEWS, and TAX SALE ARBITRAGE,<br><br>Defendants | )<br>)<br>)<br>)<br>)<br>)  Cause No. 2:11-CV-384-RLM-PRC<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

OPINION and ORDER

This matter is before the court on a motion filed by defendants Stacy Kellams, Netcentric Publishing, Ltd., REI Secrets, Luke Matthews,[1] and Tax Sale Arbitrage, pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3). In the motion, Mr. Kellams claims that the court doesn't have personal jurisdiction over him and his companies. He also says venue is improper in the Northern District of Indiana. Plaintiffs Abandoned Property, LLC and Richard J. Dawson, Jr. oppose the motion.

Unlike subject matter jurisdiction, which relates to the court's Article III constitutional power, personal jurisdiction flows from the due process clause. Insurance Corp of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702—703 (1982); *accord* Philos Technologies, Inc. v. Philos & D, Inc., 645

---

[1] The defendants assert that Luke Matthews is a fictitious person and entered an appearance for Luke Matthews subject to that reservation. The court takes no position on that assertion, which isn't material to this motion.

F.3d 851, 855—856 (7th Cir. 2011). This renders claims regarding lack of personal jurisdiction able to be voluntarily waived or forfeited.[2] FED. R. CIV. P. 12(h)(1); O'Brien v. R.J. O'Brien & Associates, Inc., 998 F.2d 1394, 1399 (7th Cir. 1993). Challenges to a court's personal jurisdiction over a defendant are considered forfeited if not properly raised at the right time. Rule 12(h)(1); Swaim v. Moltan Co., 73 F.3d 711, 718 (7th Cir. 1996) ("A defense of lack of jurisdiction is forfeited if not asserted in a timely motion to dismiss under Rule 12 or a responsive pleading or amendment of such as provided by Rule 15."). Once the defendant has "submitted generally to the jurisdiction of the court, the court is powerless to dismiss the suit for lack of personal jurisdiction." O'Brien v. R.J. O'Brien & Associates, Inc., 998 F.2d at 1399.

To properly raise a defense that the court lacks personal jurisdiction over a defendant, the defendant must assert that in the responsive pleading or by motion before a responsive pleading. FED. R. CIV. P. 12(b). This doesn't mean that the first document filed in a case must be the motion to dismiss under Rule 12(b)(2). Mobile Anesthesiologists Chicago, LLC v. Anesthesia Associates of Houston Metroplex, 623 F.3d 440, 442—443 (7th Cir. 2010) (finding that when a defendant first filed a motion to continue a preliminary injunction hearing and then filed the Rule 12(b)(2) motion thirteen days later, he hadn't

---

[2] While the terms "waiver" and "forfeiture" are both used in various texts, the court of appeals has said that "forfeiture" correctly describes the issue here. Swaim v. Moltan Co., 73 F.3d 711, 718 at n.4 (7th Cir. 1996) ("Although Rule 12 describes the effect of such failure as "waiver," the actual result is forfeiture, which is the failure to make a timely assertion of a right before a tribunal competent to determine such right. Waiver, by contrast, is the intentional relinquishment or abandonment of a known right." *citations omitted*).

forfeited his claim regarding personal jurisdiction). "To waive or forfeit a personal jurisdiction defense, a defendant must give a plaintiff a reasonable expectation that it will defend the suit on the merits or must cause the court to go to some effort that would be wasted if personal jurisdiction is later found lacking." Id. at 443.

Mr. Kellams entered a limited appearance that stated that is was for the purpose of contesting personal jurisdiction. Doc. No. 11. Rather than filing a motion contesting personal jurisdiction on that day, Mr. Kellams instead simultaneously filed a motion to stay all matters because a related case was being litigated in Texas. Doc. No. 12. Mr. Dawson filed a brief in opposition to Mr. Kellams' motion to stay (Doc. No. 14) and Mr. Kellams filed a reply brief (Doc. No. 15). Magistrate Judge Paul R. Cherry denied the requested stay in a written opinion. Doc No. 16. Several days after Judge Cherry's denial of the motion to stay, Mr. Kellams filed the Rule 12(b)(2) motion contesting personal jurisdiction and venue. Doc. No. 18. In opposing Mr. Kellams' Rule 12(b) motion, Mr. Dawson asserts that by filing the motion to stay all matters, Mr. Kellams voluntarily submitted himself to the jurisdiction of the court and so forfeited his right to dismissal for lack of personal jurisdiction.

No concise list exists of which types of documents a defendant may file without waiving his right to bring a personal jurisdiction claim. *See, e.g.* Gerber v. Riordan, 649 F.3d 514, 519 (6th Cir. 2011) ("There is a dearth of caselaw both in this Circuit, and in our sister circuits, defining precisely what types of appearances and filings qualify as a defendant's legal submission to the

jurisdiction of the court.") Instead, the <u>Mobile Anesthesiologists</u>, 623 F.3d at 443, criteria – testing whether the defendant gave the plaintiff the expectation that he would defend on the merits and used the court's time to decide an issue that would be moot if the court had no personal jurisdiction – is the predominant method of deciding whether early filings amount to forfeiture of the right to raise a personal jurisdiction challenge.

There are a few cases in other courts in which a defendant was found to not have submitted to the jurisdiction of the court simply by filing a motion for a stay. The Sixth Circuit, citing <u>Mobile Anesthesia</u>, decided that motions to stay proceedings don't necessarily forfeit personal jurisdiction claims. <u>Gerber v. Riordan</u>, 649 F.3d at 519 ("Defendants did not accede to the district court's jurisdiction in moving to stay the litigation pending arbitration."). "A motion to stay litigation signals only that a defendant wishes to postpone the court's disposition of a case. Far from indicating that a defendant intends to defend a suit on the merits, a motion to stay can serve to indicate the opposite—that a defendant intends to seek alternate means of resolving a dispute, and avoid litigation in that jurisdiction." <u>Gerber v. Riordan</u>, 649 F.3d at 519. Other courts have come to the same conclusion regarding motions to stay. <u>Lane v. XYZ Venture Partners, L.L.C.</u>, 322 Fed.Appx 675, 678 (11th Cir. 2009) ("[A] motion to stay [pending resolution of bankruptcy proceedings] is neither a responsive pleading nor a motion made under Rule 12, and thus does not operate as a waiver of the defense of lack of personal jurisdiction under Rule 12(h)."); <u>PaineWebber Inc. v. Chase Manhattan Private Bank (Switzerland)</u>, 260 F.3d

453, 460—461 (5th Cir. 2001) (finding that filing a motion to stay a matter while an appeal is pending isn't itself a submission to the personal jurisdiction of the court); <u>Ciolli v. Iravani</u>, 625 F.Supp.2d 276, 290—291 (E.D. Pa., 2009) (finding that moving for a stay wasn't asking the court to rule on the merits of the controversy, so the defendant hadn't forfeited his personal jurisdiction claim).

These cases don't lead to the conclusion that a motion for a stay invariably preserves a dismissal motion based on personal jurisdiction. These few cases are not controlling. The two-part test illustrated in <u>Mobile Anesthesiologists</u>, 623 F.3d at 443, doesn't directly contemplate motions for stays, but provides more guidance to the court. <u>Mobile Anesthesiologists</u>, if applied to the motions for stay in the cases from other courts, might lead to the same conclusions those courts reached. That is, if the stay in a given case didn't give the plaintiff the reasonable expectation that the defendant would defend on the merits and didn't cause the court to go to measures deciding questions that would be moot should the court not have jurisdiction, the motions for stay wouldn't invoke the personal jurisdiction of the court. In contrast, a motion for stay that did either of those would invoke the court's jurisdiction and act to forfeit a defendant's claim of the opposite. In any case, the court is left not with a blanket rule about what triggers the personal jurisdiction of the court, but a two-prong test to determine the answer.

The first prong of the <u>Mobile Anesthesiologists</u> test (whether the defendant's actions led the plaintiff to believe that the defendant would defend

on the merits) favors Mr. Kellams. The motion to stay matters pending the outcome of the litigation in Texas didn't give Mr. Dawson the reasonable expectation that Mr. Kellams would be defending this suit on the merits. *See* Mobile Anesthesiologists, 623 F.3d at 443. The arguments raised in Mr. Kellam's motion tended to give the reader the opposite impression. He suggested that the suit in the Northern District of Indiana was dependent on findings made in Texas and amounted to a compulsory counterclaim in that suit. In other words, Mr. Dawson couldn't take from the motion to stay that it was an attempt to defend on the merits; the motion implied Mr. Kellams would rather litigate the merits in Texas.

The second prong of the Mobile Anesthesiologists analysis (whether the defendant caused "the court to go to some effort that would be wasted if personal jurisdiction is later found lacking," 623 F.3d at 443) favors Mr. Dawson. Mr. Kellam's motion to stay compelled this court to expend some effort in deciding it. Had the Rule 12(b)(2) motion contesting the court's personal jurisdiction over Mr. Kellams been filed first and had the court granted the motion, the court wouldn't have had to decide whether the merits of the Indiana case really were dependent on the outcome of the Texas case and whether the litigants were, for all practical purposes, the same in each suit. See Opinion and Order of Magistrate Judge Cherry, Doc. No. 16, which denied the stay.

Rather than first contesting personal jurisdiction pursuant to Rule 12(b)(2), Mr. Kellams first asked the court to decide such issues as whether a

stay would tactically disadvantage the non-moving party and whether the stay would simplify the issues and streamline trial. *See* Opinion and Order at 2—3. Only after an unfavorable ruling on that motion did Mr. Kellams contest the court's jurisdiction over him. But by filing that first motion and asking the court to inquire into the merits and parties of the two cases, Mr. Kellams availed himself of the power of the court to make a determination of how intertwined and related the merits and parties of the two cases were. *See* Mobile Anesthesiologists, 623 F.3d at 443 ("To waive or forfeit a personal jurisdiction defense, a defendant must . . . cause the court to go to some effort that would be wasted if personal jurisdiction is later found lacking."). Once a party has asked the court to rule on such a matter, the party can't later claim the court has no power over him. Mobile Anesthesiologists, 623 F.3d at 443; Continental Bank, N.A. v. Meyer, 10 F.3d 1293, 1297 (7th Cir. 1993) (holding that a defendant could be even be in technical compliance with the Rules of Civil Procedure but still have waived a personal jurisdiction objection if he participated in litigation of the merits without actively contesting personal jurisdiction); *see also* ECHO, Inc. v. Whitson Co., Inc., 52 F.3d 702, 707 (7th Cir. 1995) ("The parties consented to personal jurisdiction simply by participating in the proceedings before the district court without protest.").

The analysis of Mr. Kellams' motion asserting that the venue is improper in the Northern District of Indiana is the same. While an analysis of venue can be distinct from a personal jurisdiction analysis, Mr. Kellam has forfeited his claim to improper venue by the same act as he forfeited the personal

jurisdiction claim (that is, by filing the motion to stay). American Patriot Ins. Agency, Inc. v. Mutual Risk Management, Ltd., 364 F.3d 884, 887—888 (7th Cir. 2004) ("If the defendant tells the plaintiff that he is content with the venue of the suit, or by words or actions misleads the plaintiff into thinking this or the court into becoming involved in the case so that there would be wasted judicial effort were the case to be dismissed to another forum, or if he stalls in pleading improper venue because he wants to find out which way the wind is blowing, then conventional principles of waiver or equitable estoppel come into play and if invoked by the plaintiff block the challenge to venue.").

Because Mr. Kellams forfeited the right to raise a personal jurisdiction or improper venue claim by filing a motion to stay and compelling the court to rule on it based on the merits of the case, his motion to dismiss is DENIED on both grounds.

SO ORDERED.

ENTERED: 4/9/2012


_____/s/ Robert L. Miller, Jr._____
Judge
United States District Court