UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ABANDONED PROPERTY LLC and RICHARD J. DAWSON, JR., <br><br> Plaintiffs <br><br> v. <br><br> STACY KELLAMS, NETCENTRIC PUBLISHING LTD., REI SECRETS, LUKE MATTHEWS, and TAX SALE ARBITRAGE, <br><br> Defendants | Cause No. 2:11-CV-384-RLM-PRC |

OPINION and ORDER

This matter is before the court on a motion (Doc. No. 19) made by defendants Stacy Kellams, Netcentric Publishing Inc., REI Secrets, Luke Matthews, and Tax Sale Arbitrage that seeks review of Magistrate Judge Paul R. Cherry's denial of their motion to stay. Plaintiffs Abandoned Property, LLC and Richard J. Dawson, Jr. oppose the motion. For the reasons that follow, the court leaves the decision of the magistrate undisturbed.

Underlying this dispute is an accusation that Mr. Kellams purchased a copy of a product created by Mr. Dawson, rebranded it, modified it slightly, and sold it as his own. Mr. Dawson claims he developed a product for purchase over the internet that informed people about how to profit from unclaimed funds. He claims that after marketing his product for a while, he became aware of Mr. Kellams's competing product and it appeared to him that Mr. Kellams's product was a nearly identical copy of his own creation. Mr. Dawson sent a cease and desist letter to Mr. Kellams and publicly disparaged Mr. Kellams for

copying the material and for having an inferior product. The first action was brought in Texas by the Indiana defendant; there Mr. Kellams filed a suit for, among other things, disparagement and interference with contracts – both present and future – relating to Mr. Dawson's comements about Mr. Kellams's violating his copyright. Mr. Dawson later filed this suit in Indiana alleging copyright violation and related claims.

Mr. Kellams moved the court to stay the Indiana matter until the Texas matter was resolved. Mr. Dawson objected to the stay. In denying the motion, Magistrate Judge Cherry wrote an opinion in which he found that Mr. Kellams hadn't met the burden of showing the stay was appropriate or that the benefit it would bring would outweigh the harm it could cause.

When a magistrate judge rules on a non-dispositive issue, Federal Rule of Civil Procedure 72(a) provides that once a timely objection has been filed, a court may modify or reverse that decision upon a showing that the magistrate judge's decision is clearly erroneous or contrary to law. *See* <u>Hall v. Norfolk Southern Ry. Co.</u>, 469 F.3d 590, 594-595 (7th Cir. 2006) ("The Federal Rules of Civil Procedure provide that when parties object to a magistrate judge's order, district judges are to review nondispositive decisions for clear error and dispositive rulings de novo."). Mr. Kellams's motion to stay is a non-dispositive matter (and Mr. Kellams doesn't argue otherwise), so the clearly erroneous standard applies. Under the clearly erroneous standard, the reviewing court can overturn a magistrate judge's ruling only if "left with the definite and firm

conviction that a mistake has been made." Weeks v. Samsung Heavy Indus. Co., Ltd., 126 F.3d 926, 943 (7th Cir. 1997).

Magistrate Judge Cherry's opinion correctly points out that the party seeking a stay has the burden of establishing that it is necessary. Clinton v. Jones, 520 U.S. 681, 708 (1997). The court found that Mr. Kellams hadn't met that burden. Opinion and Order at 5—6 ("the Court concludes that the Indiana Defendants haven't identified a need for a stay that is sufficiently pressing to outweigh its uncertain duration and the significant danger of prejudice to the Indiana Plaintiffs from delaying the trial"). Once that opinion has been issued, Rule 72(a) puts an even heavier burden on Mr. Kellams as he seeks to have it revised or set aside; for the court to modify the Magistrate Judge's ruling, Mr. Kellams must show that the magistrate was clearly erroneous in finding that he hadn't shown a need that was sufficiently pressing to merit the stay.

Mr. Kellams raises multiple objections to the order, but none rises to the necessary level of showing that the decision is clearly erroneous. The crux of the Magistrate Judge's decision was that Mr. Kellams hadn't shown that the parties were that similar (only one defendant and one plaintiff is common to both suits), that Mr. Kellams hadn't shown that the issues are that similar (one is a defamation suit, one is a copyright infringement), and, most importantly, that Mr. Kellams hadn't met the burden of showing that the unusual action of staying the Indiana case was so warranted that it would overcome the prejudice against the plaintiffs who are entitled to have their case move forward. In requesting review of the decision, Mr. Kellams reiterates that some

of the issues are common to both cases and this will cause duplication of effort to demonstrate those in two courts, that some witnesses are and evidence is common, again leading to duplication, and that the court system is overtaxed already. The magistrate judge considered each of these arguments well. None of these concerns, re-raised by Mr. Kellams, demonstrates that the Magistrate Judge's decision was clearly erroneous.

Mr. Kellams cites a number of cases that establish standards for granting motions to stay pending litigation. While many of the cases support the granting of a stay on the facts in that case, each emphasizes that deference is due to the court that weighed the pros and cons and finally decided whether a stay was warranted. *See* Interstate Material Corp v. City of Chicago, 847 F.2d 1285 (7th Cir. 1988) (finding the district court didn't abuse its discretion in refusing to dissolve a stay); Calvert Fire Ins. Co. v. American Mut. Reinsurance Co., 600 F.2d 1228 (7th Cir. 1979) (upholding the district court's stay); Lumen Const., Inc. v. Branst Const. Co., Inc., 780 F.2d 691 (7th Cir. 1985) (agreeing with the district court that the federal action should wait for the state action to resolve, but modifying the district court's dismissal without prejudice to a stay); Clark v. Lacy, 376 F.3d 682 (7th Cir. 2004) (deciding that the district court didn't abuse its discretion in granting a stay); Schneider Nat. Carriers, Inc. v. Carr, 903 F.2d 1154 (7th Cir. 1990) ("Judge Sharp's decision to go forward with the case before him [and to refuse the motion for a stay] was within his discretion" Id. at 1158); *but see* Moses H. Cone Memorial Hosp. v. Mercury Const. Corp., 460 U.S. 1 (1983) (finding that a district court abused

its discretion when it issued a stay that wasn't supported by the <u>Colorado River Water Conservation Dist. v. United States</u>, 424 U.S. 800 (1976) doctrine).

As is the rule underlying every case Mr. Kellams cites, this court owes deference to the reasoned decision of the judge who considered the pros and cons of issuing a stay unless it can be shown his decision was clearly erroneous. Mr. Kellams hasn't made such a showing regarding Magistrate Cherry's opinion, which considered the arguments he raises in his current motion and found that he hadn't made the requisite showing that the stay was necessary or that its advantages wouldn't be seriously outweighed by its detriments. Absent the showing that the Magistrate's decision was clearly erroneous, the court DENIES the motion to reconsider it.

SO ORDERED.

ENTERED: 4/9/2012

/s/ Robert L. Miller, Jr.
Judge
United States District Court